# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL CASE NO.** |
| **v.** | **:** | **1:17-CR-00447-TCB-JSA** |
| **DRAVION WARE** | **:** | |

## REPORT AND RECOMMENDATION

Defendant Defendant Dravion Ware has filed a motion, *pro se*, "asking for permission to file motion that the Complaint on which the warrant issued could not support a finding of probable cause." [98]. The undersigned **RECOMMENDS** that Defendant's *pro se* motion seeking leave to file be **DENIED**.[1]

First, Defendant is and has been represented by counsel and therefore is not permitted to also file substantive motions *pro se*. A party represented by an attorney in an action "may not thereafter appear or act in the party's own behalf . . .

---

[1] Defendant's Motion for Leave to File [98] is not in itself a Motion to Suppress or to Dismiss. Thus, the undersigned likely possesses the authority to decide the Motion, via Order, and is not limited to issuing a Report and Recommendation to the District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A). Nevertheless, in the interests of caution, and because the Court at least in part considers the merits of the proposed motion Defendant wishes to file (which arguably, if allowed to be filed, would be a dispositive motion requiring a Report and Recommendation), the undersigned proceeds by way of a Report and Recommendation as to this Motion.

." Local Criminal Rule 57.1(D)(3), N.D. Ga.[2]  The Court therefore recommends that the *pro se* Motion [98] be denied or stricken as improperly filed.

Second, alternatively, leave to file should be denied as futile.  The Motion appears to be an attempt to challenge whether the original Complaint was supported by probable cause.   This is a specific legal determination that has already been decided in this case after the preliminary hearing on November 28, 2017 [18].  Specifically, U.S. Magistrate Judge Janet F. King, after an evidentiary hearing, found that probable cause supported the Complaint, and thus bound the matter over for consideration by the grand jury.  *Id*.  No appeal was taken from this determination.

There is no basis to reopen this decision now, over a year later, among other reasons because the Complaint is no longer even the operative charging instrument.  Rather, on December 19, 2017, the grand jury made its own finding of probable cause based on evidence provided to it, and issued an Indictment [20].  The grand jury has since issued two superseding indictments in this case, both of which constituted additional and independent findings of probable cause.  To the extent Defendant is asking the Court to conduct a pretrial inquiry as to whether the

---

[2] The Court has previously exercised its discretion to consider Defendant's numerous *pro se* motions for substitution of counsel.  But the Court declines to consider a substantive motion filed *pro se* by a Defendant also represented by counsel.

evidence in the case will ultimately support the allegations in the Indictment, the criminal rules simply do not allow for such a procedure. *See United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006). Rather, assessments as to the sufficiency of the *evidence*—as opposed to sufficiency of the language of the Indictment—must await trial, via motions for judgment of acquittal, and/or arguments to the jury. These arguments are not a viable topic for a motion to dismiss prior to trial and leave to file should be denied as moot.

Third, also alternatively, if necessary to reach the merits of the probable cause question, the Court clearly finds that the Complaint [1] is based on probable cause. Reviewing courts afford a high level of deference to the probable cause determinations of magistrate judges vis-à-vis issuance of warrants. *See Illinois v. Gates*, 462 U.S. 213, 236-237 (1983); *United States v. Ventresca*, 380 U.S. 102 (1965). Thus, the party challenging a duly-issued warranted bears a burden to show a lack of probable cause. *United States v. De La Fuente*, 548 F.2d 528, 534 (5th Cir. 1977). Defendant fails to meet that burden here. The identification of the Defendants in the Complaint was based not just on anonymous tips but also on images and photographs that link the Defendants to the robbers depicted in the

robberies as well as other information.  These facts were sufficient to show

probable cause, and leave to file should be denied as futile on this additional basis.[3]

## CONCLUSION

As explained above, the undersigned **RECOMMENDS** that Defendant's

Motion For Permission to File [98] be **DENIED**.

IT IS SO **RECOMMENDED** this 13th day of May, 2019.

**JUSTIN S. ANAND**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Defendant's *pro se* motion is styled as a motion seeking dismissal of the complaint, but Defendant in the body of the motion also appears to seek suppression of any evidence obtained as a result of the allegedly illegal arrest. Even if entertained, which it should not be, this claim would also fail because the Complaint establishes probable cause, as explained above.  Further, as the officers made this arrest pursuant to a previously-issued Complaint and arrest warrant, the objective "good-faith exception" of *United States v. Leon*, 486 U.S. 897 (1984) would apply.  The motion provides no basis to suppress evidence, in light of the circumstances objectively supporting good faith reliance pursuant to *Leon*, even if the Court were to second-guess the issuing Magistrate Judge's judgment in issuing this Complaint.