IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL CASE NO.** |
| v. | : | **1:17-CR-00447-TCB-JSA** |
| **DRAVION WARE** | : | |

**REPORT AND RECOMMENDATION A MOTION TO DISMISS COUNTS**

Defendant Defendant Dravion Ware moves to dismiss Count One of the Second Superseding Indictment [122], which charges him and Co-Defendant Tabyron Smith with conspiracy to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a). As explained below, the Motion to Dismiss [135] should be **DENIED**.

## BACKGROUND

Count One of the Second Superseding Indictment [122] states in the general charging language that:

> Beginning on a date unknown to the grand jury, but at least by on or about October 7, 2017, and continuing through at least on or about November 10, 2017, in the Northern District of Georgia, Defendants TABRYON RASHAD SMITH and DRAVION SANCHEZ WARE, and others unknown to the grand jury, did willfully and unlawfully conspire, combine, confederate, agree, and have a tacit understanding with one another to obstruct, delay, and affect commerce by means of robbery, as that term is defined in Title 18, United States Code, Section 1951, of businesses then engaged in and affecting interstate commerce, by knowingly and unlawfully taking and obtaining property from the person and presence of employees and customers of the businesses, against their

will, by means of actual and threatened force, violence, and fear of injury to their person.

Sec. Superseding Ind. [122] at p. 1.  The Second Superseding Indictment then includes a "Manner and Means" section that includes specific description (including by date, location, and a summary of the Defendants' actions) of 10 separate alleged robberies that the Defendants allegedly committed in furtherance of the conspiracy.  *See id*. at pp. 1-5.  For example, the Manner and Means section alleges that:

> On or about October 10, 2017, Defendants TABRYON RASHAD SMITH and DRAVION SANCHEZ WARE entered Cedar Massage, located at 6035 Bakers Ferry Road, Atlanta, Georgia.  The Defendants brandished handguns and demanded money from an employee.  Defendant Smith stole money from the cash register while Defendant Ware walked through the business and stole purses containing money, cellular telephones, and other belongings from several victims.  The Defendants then fled.

*Id*. ¶ 2.

## DISCUSSION

The indictment must simply contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). The Eleventh Circuit in *United States v. McGarity*, 669 F.3d 1218, 1235-36 (11th Cir. 2012), summarized the standards governing the sufficiency of a charge as follows:

> When analyzing such challenges, we "give the indictment a common sense construction, and its validity is to be determined by practical,

not technical, considerations." *United States v. Poirier*, 321 F.3d 1024, 1029 (11th Cir. 2003) (quotation marks and citations omitted). Such a common sense construction is satisfied through consideration of three factors: whether the indictment "1) presents the essential elements of the charged offense, 2) notifies the accused of the charges to be defended against, and 3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002) (quotation marks and citations omitted). These factors ensure the provision of constitutional notice and due process. *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998); *see also United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983) ("To pass constitutional muster, an indictment must be sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecutions for the same offense."). Ultimately, "the appropriate test ... is not whether the indictment might have been drafted with more clarity, but whether it conforms to minimal constitutional standards." *United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir. 1981). However, "[e]ven when an indictment tracks the language of the statute, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *United States v. Schmitz*, 634 F.3d 1247, 1261 (11th Cir. 2011) (quotation marks and citations omitted).

*McGarity*, 669 F.3d at 1240. Moreover, "an indictment for conspiracy to commit a criminal offense need not be as specific as a substantive count." *United States v. Yonn*, 702 F.2d 1341, 1348 (11th Cir. 1983) (internal citations omitted).

Defendant Ware argues that the charging language in Count One is insufficient. He argues that the factual allegations describing the 10 individual robberies that allegedly comprise the conspiracy lack any facts to establish a criminal agreement, as is necessary to prove conspiracy. Thus, Defendant argues

that Count One fails to allege (1) the existence of an agreement, (2) the Defendant's knowledge of a conspiratorial goal, and (3) that the Defendant voluntarily participated in the conspiracy to accomplish its goal.  Motion [135] at 4-5.  While Defendant concedes that the factual allegations support the substantive robbery charges, he argues that they do not support the *conspiracy* charge, because Count One lacks any additional facts not included in the substantive counts relating to the existence of a criminal agreement.  While the Indictment expressly alleges that the Defendants conspired together, Defendant argues that this language is insufficient, and that the Indictment must supply additional specific facts, other than mere "presence with conspirators alone," to support a finding of conspiracy.  Def. Motion [135] at 4 (*citing United States v. Thomas*, 8 F.3d 1552, 1556 (11th Cir. 1993).[1]

Defendant's argument is meritless.  The introductory paragraph of Count One clearly alleges the existence of a conspiracy, the defendants' willful participation in that conspiracy, and that they knowingly engaged in unlawful acts in furtherance of the conspiracy.  *See* Sec. Superseding Ind. [122] at p. 1.  This language necessarily alleges the statutory elements, as it almost verbatim tracks the language of the statute itself.  Moreover, Count One includes numerous other

---

[1] *Thomas*, notably, concerns the level of proof that is sufficient to support a conviction at trial for conspiracy, not the level of detail that must be included in an indictment charging conspiracy.

specific factual allegations to further explain the conspiracy, including a narrow 34-day long period during which the conspiracy occurred, and details as to the 10 specific robberies that the Defendants allegedly committed as part of the conspiracy.

In these circumstances, the Indictment did not need to include additional specific facts detailing how the prosecution would prove the existence of a criminal agreement between the Defendants. After all, "[t]he defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981); *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (The Government need not "explain the legal theories upon which it intends to rely at trial."). It simply suffices that the Indictment alleged the existence of a conspiracy, and many specific details to explain the nature and scope of the conspiracy.[2] The Motion [135] should be **DENIED**.

---

[2] Further, the charging document alleges that the Defendants engaged together in numerous similar robberies over a 34-day stretch in the same very general area. Even if it were necessary to allege with particularity facts to support a finding of probable cause of a conspiracy, the extent of this repeated, concerted action would suffice in that regard. But it remains unnecessary for the Indictment to allege such specific evidentiary details.

## CONCLUSION

As explained above, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss Counts [135] be **DENIED**.

**IT IS SO RECOMMENDED** this 13th day of May, 2019.

_____
**JUSTIN S. ANAND**
**UNITED STATES MAGISTRATE JUDGE**