IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. |
| v. | : | 1:17-CR-00447-TCB-JSA |
| DRAVION WARE | : | |

### REPORT AND RECOMMENDATION ON A MOTION TO SEVER OR BIFURCATE COUNTS [146]

Defendant Dravion Ware is charged with conspiracy to commit robbery (in violation of the Hobbs Act), seven counts relating to individual robberies (in violation of the Hobbs Act), seven counts of carrying and using firearms during and in relation to a crime of violence relating to these same incidents, and two counts of being a previously-convicted felon in possession of a firearm.[1] Defendant now moves to sever or bifurcate the trial as to the felon-in-possession counts (Counts 6 and 18), alleging that those Counts are improperly joined and/or would create prejudice.

As explained below, the Court agrees with the legal position of and solution proposed by the Government. That is, (1) that the request for severance be denied, as the counts are properly joined, and there are other mechanisms available to

---

[1] Co-Defendant Smith is separately charged in one count of being a previously-convicted felon in possession of a firearm.

handle any potential prejudice; (2) that to the extent evidence of any of Defendant's prior convictions are admitted anyway as relevant under Fed.R.Evid. 404(b), then no relief is necessary, because there would be no additional prejudice relating to a felon-in-possession count; and (3) that to the extent evidence of Defendant's prior convictions are not otherwise admitted as relevant under Rule 404(b), the Court conduct a bifurcated trial whereby the felon-in-possession counts are tried immediately after any verdict on the robbery and brandishment counts. Thus, on this basis, the Court **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** the Defendant's Motion to Sever [136].[2]

## BACKGROUND

Count One of the Second Superseding Indictment charges a conspiracy to commit robbery, in violation of the Hobbs Act, from October 7, 2017 through November 10, 2017. Sec. Superseding Ind. [122] at p. 1. The Manner and Means allegations of the Indictment specifically lists ten separate specific robberies that were allegedly committed in furtherance of this conspiracy. *Id*. at pp. 1-5. Many

---

[2] Defendant's Motion to Sever [136] does not seek dismissal of counts or suppression of evidence. Thus, the undersigned possesses the authority to decide the Motion, via a final order, and is not limited to issuing a Report and Recommendation to the District Judge, pursuant to 28 U.S.C. § 636(b)(1)(A). Nevertheless, this is an issue that goes to trial management, which inherently should be left to the sound discretion of the judge presiding over the trial. Thus, the undersigned has exercised his discretion to issue a Report and Recommendation, rather than a final order, as to this issue.

of these individual robberies also form the basis of a series of substantive counts for Hobbs Act robbery, along with interrelated charges for brandishing a firearm during those same robberies.

In addition to these robbery and interrelated brandishment charges, Defendant Ware faces two separate charges for being a previously-convicted felon in possession of a firearm. In Count 6, Defendant Ware is charged with being a previously-convicted felon in possession of certain ammunition on October 13, 2017. *See id.* p. 8. This was the same day as one of the armed robberies that form the basis of Counts Four and Five. Further, according to the Government's brief, the evidence will show, and the Government's theory is that, the Defendant's act of illegal possession of the ammunition occurred during the robbery itself. *See* Gov't Br. [146] at 2. In Count 18, Defendant Ware is charged with being a felon-in-possession of ammunition on November 22, 2017. No robbery allegedly occurred on that day, but the Government represents that the Defendant was found in possession of this ammunition during his arrest on that day, and that this ammunition magazine resembles magazines that were used in several of the robberies. *Id.* at 3.

Although not the express subject of any motion, Count 17 charges Co-Defendant Smith with being also being a felon-in-possession of a firearm (also coinciding with the day of his arrest).

## DISCUSSION

Rule 8 of the Federal Rules of Criminal Procedure governs the joinder of offenses or defendants, and provides, in relevant part:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed.R.Civ.P. 8(a). "Joinder of parties and defendants under Rule 8 is designed to promote judicial economy and efficiency." *United States v. Weaver*, 905 F.2d 1466, 1476 (11th Cir.1990). "Rule 8 'is broadly construed in favor of the initial joinder.'" *Id*. (citation omitted). The concern of Rule 8 is whether the charged offenses are sufficiently related to be tried together; if they are not, Rule 8 requires severance. *See, e.g., United States v. Dominguez*, 226 F.3d 1235, 1239 (11th Cir. 2000) (upholding joinder under Rule 8 of drug and mortgage fraud charges, because "the fact that one illegal activity provides the impetus for the other illegal activity is sufficient to constitute a common scheme for joinder purposes.").

Rule 14 grants a court discretion to order a separate trial of counts if it appears that the defendant is prejudiced by their joinder. See Fed. R. Crim. P. 14(a). While Rule 14, by its terms, provides for severance to relieve "prejudicial joinder," such relief is available only when a defendant can show "specific and compelling prejudice." *United States v. Zielie*, 734 F.2d 1447, 1464 (11th Cir.

1984). "Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-539 (1993). For example, the Eleventh Circuit has consistently found that limiting instructions to the jury are a permissible, less drastic and preferred remedy to severance. *See, e.g., United States v. Francis*, 131 F.3d 1452, 1459 (11th Cir. 1997).

The record before the Court clearly shows that Counts 6 and 18 are properly joined with the robbery and brandishment counts. The allegedly illegal possession of ammunition that gives rise to Count 6 is clearly intertwined with, and is part of the same actions that give rise to, Counts 1, 4 and 5. The act of possession that gives rise to Count 18 did not occur during an actual charged robbery or during the conspiracy. But it occurred during the Defendant's arrest on these charges, and according to the Government, involved a magazine that resembles the magazine used in some of the charged robberies. Thus, the act of illegal possession related to possession of the same or similar ammunition as was used in the robbery conspiracy within just weeks of the robberies. The offenses are sufficiently linked to justify joinder.

As for prejudice, the Government alludes to an intention to seek admission of Defendant's prior conviction pursuant to Fed.R.Crim.P. 404(b). *See* Gov't Br. [146] at 3. The undersigned is not aware of any request by the Government to seek

admission of that fact to date, and it does not appear to be included in the Government's previously-filed Motion in Limine seeking admission of evidence pursuant to Rule 404(b) filed on December 10, 2018 [73].  Nevertheless, the deadline for disclosure of all Rule 404(b) evidence has not passed, *see* Scheduling Order [29] at p. 6, and the parties may file an amended motion in limine on or before July 12, 2019 [119].   To the extent evidence of Defendant's prior conviction that gives rise to the felon-in-possession charge is admitted as relevant evidence to the other charges, pursuant to Rule 404(b), it follows that there would be no prejudice to including the felon-in-possession charges as part of the same un-bifurcated trial.

    To the extent such evidence is not admitted pursuant to Rule 404(b), the Government does not oppose bifurcation to eliminate any potential prejudice.  Specifically, the Government proposes that the portion of the trial as to Counts 6, 17, and 18 be bifurcated.[3]  In other words, the trial would re-commence in an abbreviated proceeding before the same jury, and based on all of the same evidence (along with any additional evidence as to the prior convictions to be admitted), immediately after any verdict as to the other counts.

---

[3] Defendant Smith has not specifically moved for bifurcation of the felon-in-possession count against him (Count 17).  Nevertheless, the Government does not oppose bifurcation as it would not be logical or serve any purpose of judicial economy, or be fair, to bifurcate the felon-in-possession charges as to just one Defendant.

As noted above, the Eleventh Circuit has approved measures to reduce prejudice even less severe than bifurcation, such as the issuance of limiting instructions.  Nevertheless, because the additional facts to be introduced in the proposed second phase would be minimal, bifurcation would seem to impose little additional delay or burden on the Court and the jurors, and would serve to eliminate any potential risk of prejudice to the Defendants.  Thus, the proposal is prudent and the Court recommends that the bifurcation solution proposed by the Government be implemented.

## CONCLUSION

Thus, the Court **RECOMMENDS** that Defendant's Motion to Sever [136] be **GRANTED IN PART AND DENIED IN PART** as explained above.

So **ORDERED**, this 13th day of May, 2019.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE