| | |
|---|---|
| **From:** | Hobson, Bret (USAGAN) |
| **To:** | Gary Spencer |
| **Cc:** | law_stricklandwebster.com |
| **Subject:** | RE: Ware - plea |
| **Date:** | Friday, July 26, 2019 7:34:00 AM |
| **Attachments:** | 2019-07-26 Ware Dravion d-g guilty plea agreement - DRAFT.docx |

As I mentioned, this hasn't been reviewed by a supervisor and is thus subject to revision.  But if nothing else, I believe this represents the key terms of our plea offer with respect to sentencing.  Please let me know if you want to discuss.  Thanks.

Bret

**From:** Hobson, Bret (USAGAN)
**Sent:** Friday, July 26, 2019 7:08 AM
**To:** 'Gary Spencer' <gary@rgaryspencer.com>
**Cc:** law_stricklandwebster.com <law@stricklandwebster.com>
**Subject:** RE: Ware - plea

I'll work on something now.  It won't be officially supervisor approved, but I'll get the key parts right.

**From:** Gary Spencer <gary@rgaryspencer.com>
**Sent:** Friday, July 26, 2019 6:46 AM
**To:** Hobson, Bret (USAGAN) <BHobson@usa.doj.gov>
**Cc:** law_stricklandwebster.com <law@stricklandwebster.com>
**Subject:** Re: Ware - plea

Just seeing this. I think I know the parameters sufficient to tell him. But, if you can throw something out there by 8:45, I'll take it over with me.

Sent from TypeApp
On Jul 26, 2019, at 12:27 AM, "Hobson, Bret (USAGAN)" <bret.hobson@usdoj.gov> wrote:

> Would a draft plea agreement be helpful, or should I not waste my time putting one together? If it'll possibly help, I'll try to get something to you ASAP. Please let me know. Thanks.
>
> Sent from my iPhone
>
>> On Jul 25, 2019, at 6:38 PM, Hobson, Bret (USAGAN) <BHobson@usa.doj.gov> wrote:
>>
>> Oh, one other thing to note before you talk with your client: Mr. Smith, who didn't shoot anybody and didn't beat folks the way Mr. Ware did, had to plead to four of the 924(c)s, which will carry 34 years mandatory minimum.
>>
>> Sent from my iPhone
>>
>>> On Jul 25, 2019, at 6:20 PM, Hobson, Bret (USAGAN) <BHobson@usa.doj.gov> wrote:
>>>
>>> One of the New You witnesses. I don't know her name off the top of my head, but Tim likely does since he was there when another witness told us.
>>>
>>> Sent from my iPhone

On Jul 25, 2019, at 6:15 PM, R. Gary Spencer <gary@rgaryspencer.com> wrote:

Not that this matters, but who committed suicide?

R. GARY SPENCER P.C.
50 HURT PLAZA, STE. 560
ATLANTA, GA 30303
404-549 8782
www.rgaryspencer.com

On Jul 25, 2019, at 5:52 PM, Hobson, Bret (USAGAN) <Bret.Hobson@usdoj.gov> wrote:

Gary and Leigh Ann,

Thanks for calling me.  As I mentioned in our call, the Government is willing to amend its prior offer of 50 years.  The best we can do is to allow you to argue for a sentence down to 41 years, which would be the mandatory minimum for the five 924(c)s, with a sentence cap of 50 years.

Subject to the usual caveats that my estimations are frequently wrong at this stage and should not be relied upon in lieu of Probation's and the Court's final determination, my estimate of Mr. Ware's projected guidelines calculations if he's convicted at trial are as follows:
- Likely Criminal History Category of II
- For the 924(c) counts: add 41 years mandatory consecutive.
- Guidelines calculations based on the most serious (Kochi Maru) robbery count:
o Base Offense Level of 20 per 2B3.1(a)
o +6 per 2B3.1(b)(3)(C) because of serious bodily injury
o +2 per 2B3.1(b)(4)(B) because people were restrained
o Note: 2B3.1(b)(2)(A) would normally apply, but it doesn't here, per Application Note 4 to 2K2.4, because Mr. Ware faces a 924(c) charge as well.
o Total Offense Level: 28
o Add 4 levels for grouping per 3D1.4 (1 unit for Kochi, 1 unit for Qi, 1 unit for New You, .5 unit for Empress, and .5 unit for Cedar = 4 units = +4 levels)
o Adjusted Offense Level: 32
- At 32/II, the guidelines range would be 135-168 months, plus the mandatory consecutive 41 years on the 924(c) counts.
- But note: Per 2B3.1 Application Note 5, if the defendant intended to murder the victim, an upward departure may be warranted; see §2A2.1 (Assault with Intent to Commit Murder; Attempted Murder).  Looking at that guideline:
o 2A2.1(a)(1) would give a base offense level of 33 because the object of the offense would have constituted first degree murder
o 2A2.1(b)(1)(A) adds 4 levels for serious bodily injury
o Total Offense Level of 37
- At 37/II, the guidelines range would be 235-293 months, plus the 41 years consecutive.

At any rate, I realize 41-50 years is a long time, but we feel such a sentence is appropriate in this case given the egregious nature of Mr. Ware's conduct.  With 15% off for good time, a sentence in this range would allow Mr. Ware the chance to be out of prison in 35-43 years (minus the year and a half already serve), when he's still in his early sixties.

Please let me know if there's anything I'm overlooking or if you have any questions or would like to discuss further.  In any event, please let me know tomorrow after you speak with Mr. Ware whether he has any interest in pleading guilty.  Thanks.

Bret


From: Hobson, Bret (USAGAN)
Sent: Thursday, July 25, 2019 3:58 PM

To: R. Gary Spencer <gary@rgaryspencer.com>;
law stricklandwebster.com <law@stricklandwebster.com>
Subject: Ware - plea

I've spoken with Yonette and BJay.  Please give me a call when you
have a minute.  Thanks.


Bret R. Hobson | Assistant United States Attorney
United States Attorney's Office
Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303-3309
Direct:  404-581-6250 | Mobile: 404-772-4440

# GUILTY PLEA and PLEA AGREEMENT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION
CRIMINAL NO. 1:17-CR-00447-TCB-JSA (THIRD SUPERSEDING)

The United States Attorney for the Northern District of Georgia ("the Government") and Defendant Dravion Sanchez Ware enter into this plea agreement as set forth below in Part IV pursuant to Rules 11(c)(1)(A) & (C) of the Federal Rules of Criminal Procedure. Dravion Sanchez Ware, Defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads GUILTY to Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11.

## I.  ADMISSION OF GUILT

1. The Defendant admits that he is pleading guilty because he is in fact guilty of the crime(s) charged in Counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

2. The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant at trial and at every stage of the proceedings. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he

could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him, and the Government could not compel him to incriminate himself. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction.

3. The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind.

4. By pleading guilty, the Defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could have been filed.

5. The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the conviction and sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal and to collaterally attack his conviction and sentence, as specified below.

6. Finally, the Defendant understands that, to plead guilty, he may have to answer, under oath, questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

### III.    ACKNOWLEDGMENT OF PENALTIES

7. The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

**As to Count 1**

2

a. Maximum term of imprisonment: 20 years.

b. Mandatory minimum term of imprisonment: None.

c. Term of supervised release: 0 year(s) to 3 years.

d. Maximum fine: $250,000.00, due and payable immediately.

e. Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

f. Mandatory special assessment: $100.00, due and payable immediately.

g. Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

**As to Count 2**

a. Maximum term of imprisonment: 20 years.

b. Mandatory minimum term of imprisonment: None.

c. Term of supervised release: 0 year(s) to 3 years.

d. Maximum fine: $250,000.00, due and payable immediately.

e. Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

f. Mandatory special assessment: $100.00, due and payable immediately.

3

      g. Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

**As to Count 3**

      a. Maximum term of imprisonment: Life.

      b. Mandatory minimum term of imprisonment: 7 years.

      c. Any term of incarceration imposed on this count must be served consecutively to any other term of imprisonment.

      d. Term of supervised release: 0 year(s) to 5 years.

      e. Maximum fine: $250,000.00, due and payable immediately.

      f. Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

      g. Mandatory special assessment: $100.00, due and payable immediately.

      h. Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

**As to Count 4**

      a. Maximum term of imprisonment: 20 years.

      b. Mandatory minimum term of imprisonment: None.

      c. Term of supervised release: 0 year(s) to 3 years.

      d. Maximum fine: $250,000.00, due and payable immediately.

e. Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

f. Mandatory special assessment: $100.00, due and payable immediately.

g. Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

**As to Count 5**

a. Maximum term of imprisonment: Life.

b. Mandatory minimum term of imprisonment: 10 years.

c. Any term of incarceration imposed on this count must be served consecutively to any other term of imprisonment.

d. Term of supervised release: 0 year(s) to 5 years.

e. Maximum fine: $250,000.00, due and payable immediately.

f. Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

g. Mandatory special assessment: $100.00, due and payable immediately.

h. Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

**As to Count 6**

a. Maximum term of imprisonment: 20 years.

b. Mandatory minimum term of imprisonment: None.

c. Term of supervised release: 0 year(s) to 3 years.

d. Maximum fine: $250,000.00, due and payable immediately.

e. Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

f. Mandatory special assessment: $100.00, due and payable immediately.

g. Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

**As to Count 7**

a. Maximum term of imprisonment: Life.

b. Mandatory minimum term of imprisonment: 10 years.

c. Any term of incarceration imposed on this count must be served consecutively to any other term of imprisonment.

d. Term of supervised release: 0 year(s) to 5 years.

e. Maximum fine: $250,000.00, due and payable immediately.

f. Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

g. Mandatory special assessment: $100.00, due and payable immediately.

6

h.  Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

**As to Count 8**

a.  Maximum term of imprisonment: 20 years.

b.  Mandatory minimum term of imprisonment: None.

c.  Term of supervised release: 0 year(s) to 3 years.

d.  Maximum fine: $250,000.00, due and payable immediately.

e.  Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

f.  Mandatory special assessment: $100.00, due and payable immediately.

g.  Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

**As to Count 9**

a.  Maximum term of imprisonment: Life.

b.  Mandatory minimum term of imprisonment: 7 years.

c.  Any term of incarceration imposed on this count must be served consecutively to any other term of imprisonment.

d.  Term of supervised release: 0 year(s) to 5 years.

e.  Maximum fine: $250,000.00, due and payable immediately.

7

f.  Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

g.  Mandatory special assessment: $100.00, due and payable immediately.

h.  Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

**As to Count 10**

a.  Maximum term of imprisonment: 20 years.

b.  Mandatory minimum term of imprisonment: None.

c.  Term of supervised release: 0 year(s) to 3 years.

d.  Maximum fine: $250,000.00, due and payable immediately.

e.  Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

f.  Mandatory special assessment: $100.00, due and payable immediately.

g.  Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

**As to Count 11**

a.  Maximum term of imprisonment: Life.

b.  Mandatory minimum term of imprisonment: 7 years.

8

c.  Any term of incarceration imposed on this count must be served consecutively to any other term of imprisonment.

d.  Term of supervised release: 0 year(s) to 5 years.

e.  Maximum fine: $250,000.00, due and payable immediately.

f.  Full restitution, due and payable immediately, to all victims of the offense(s) and relevant conduct.

g.  Mandatory special assessment: $100.00, due and payable immediately.

h.  Forfeiture of any and all proceeds from the commission of the offense, any and all property used or intended to be used to facilitate the offense, and any property involved in the offense.

8. The Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines.

9. REMOVAL FROM THE UNITED STATES: The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Indeed, because the Defendant is pleading guilty to this offense, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the District Court,

9

can predict to a certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## IV.    PLEA AGREEMENT

10. The Defendant, his counsel, and the Government, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

### Dismissal of Counts

11. The Government agrees that, upon the entry of the Judgment and Commitment Order, any and all remaining counts in the above-styled case still pending against the Defendant shall be dismissed pursuant to Standing Order No. 07-04 of this Court and to Rule 48(a) of the Federal Rules of Criminal Procedure. The Defendant understands that the Probation Office and the Court may still consider the conduct underlying such dismissed counts in determining relevant conduct under the Sentencing Guidelines and a reasonable sentence under Title 18, United States Code, Section 3553(a).

### No Additional Charges

12. The United States Attorney for the Northern District of Georgia agrees not to bring further criminal charges against the Defendant related to the charges to which he is pleading guilty. The Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

10

**Binding Sentencing Recommendation**

13. This plea is entered under the specific provisions of Rules 11(c)(1)(A) & (C) of the Federal Rules of Criminal Procedure. As a product of negotiation between the parties and in exchange for the Government dismissing otherwise provable counts against the Defendant, and not bringing otherwise provable charges against the Defendant, the Defendant and the Government expressly recommend that the Court should impose a sentence of between 492 and 600 months of imprisonment as the appropriate total custodial sentence in this case. Under the provisions of Federal Rule of Criminal Procedure 11(c)(1)(C), this recommendation would bind the Court to impose this particular custodial sentence if the Court accepts this Plea Agreement. If the Court should not accept this Plea Agreement as binding on the parties and the Court, the Government and the Defendant agree that the Court shall permit the Defendant to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(5)(B).

**Sentencing Guidelines Recommendations**

14. Based upon the evidence currently known to the Government, the Government agrees to make the following recommendations and/or to enter into the following stipulations.

**Acceptance of Responsibility**

15. The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility.

11

Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize the Defendant's involvement in relevant offense conduct, give conflicting statements about the Defendant's involvement, fail to pay the special assessment, fail to meet any of the obligations set forth in the Financial Cooperation Provisions set forth below, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

### Right to Answer Questions, Correct Misstatements, and Make Recommendations

16. The parties reserve the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the parties also reserve the right to make recommendations regarding application of the Sentencing Guidelines. The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed.

### Right to Modify Recommendations

17. With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is

12

sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

## Sentencing Recommendations

**Specific Sentence Recommendation**

18. Unless the Defendant engages in conduct inconsistent with accepting responsibility, as described more fully in paragraph 15, the Government agrees to recommend that the Defendant be sentenced to between 492 and 600 months of imprisonment.

**Fine--No Recommendation as to Amount**

19. The Government agrees to make no specific recommendation as to the amount of the fine to be imposed on the Defendant within the applicable guideline range.

**Forfeiture**

20. The Defendant acknowledges that each asset listed below is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and agrees that he shall immediately forfeit to the United States any proceeds from the commission of the offense(s) in Count(s) 1, 2, 4, 6, 8, and 10, including, but not limited to, the following:

      a. MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offense for which the Defendant is convicted.

13

21. The Defendant acknowledges that each asset listed below is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) and agrees that he shall immediately forfeit to the United States any property involved in the commission of the offense(s) in Count(s) 3, 5, 7, 9, and 11, including, but not limited to, the following:

    a. Any firearms and ammunition involved in the offenses, including but not limited to the following:

      i. Nine (9) rounds of .40 Smith & Wesson (S&W) caliber ammunition bearing headstamp "*I* N R 40 S&W;

      ii. Two (2) rounds of .40 S&W caliber ammunition bearing headstamp "FEDERAL 40 S&W;"

      iii. Three (3) rounds of .40 S&W caliber ammunition bearing headstamp "WIN 40 S&W;

      iv. One (1) Sig Sauer, Model SP2022, .40 caliber pistol; and

      v. Two (2) rounds of 9 mm caliber ammunition bearing headstamp "WIN 9mm LUGER."

22. The Defendant waives and abandons all right, title, and interest in all of the property listed above (referred to hereafter, collectively, as the Subject Property) and agrees to the administrative or judicial forfeiture of the Subject Property. In addition, the Defendant waives and abandons his interest in any other property that may have been seized in connection with this case. The Defendant agrees to the administrative or judicial forfeiture or the abandonment of any seized property.

14

23. The Defendant states that he is the sole and rightful owner of the Subject Property, that to the best of his knowledge no other person or entity has any interest in the Subject Property, and that he has not transferred, conveyed, or encumbered his interest in the Subject Property. The Defendant agrees to take all steps requested by the United States to facilitate transfer of title of the Subject Property, including providing and endorsing title certificates, or causing others to do the same where third parties hold nominal title on the Defendant's behalf, to a person designated by the United States. The Defendant agrees to take all steps necessary to ensure that the Subject Property is not hidden, sold, wasted, destroyed, or otherwise made unavailable for forfeiture. The Defendant agrees not to file any claim, answer, or petition for remission or restitution in any administrative or judicial proceeding pertaining to the Subject Property, and if such a document has already been filed, the Defendant hereby withdraws that filing.

24. The Defendant agrees to hold the United States and its agents and employees harmless from any claims made in connection with the seizure, forfeiture, or disposal of property connected to this case. The Defendant acknowledges that the United States will dispose of any seized property, and that such disposal may include, but is not limited to, the sale, release, or destruction of any seized property, including the Subject Property. The Defendant agrees to waive any and all constitutional, statutory, and equitable challenges in any manner (including direct appeal, a Section 2255 petition, habeas corpus, or any other means) to the seizure, forfeiture, and disposal of any property seized in this case, including the Subject Property, on any grounds.

15

25. The Defendant consents to the Court's entry of a preliminary order of forfeiture against the Subject Property, which will be final as to him, a part of his sentence, and incorporated into the judgment against him.

<u>**Financial Cooperation Provisions**</u>

**Special Assessment**

26. The Defendant understands that the Court will order him to pay a special assessment in the amount of $1,100.

**Fine/Restitution - Terms of Payment**

27. The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant understands that this payment schedule represents a minimum obligation and that, should the Defendant's financial situation establish that he is able to pay more toward the fine and/or restitution, the Government is entitled to pursue other sources of recovery of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by any legal means the Government deems appropriate. Finally, the Defendant and his counsel agree that the Government may contact the Defendant regarding

16

the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

**Financial Disclosure**

28. The Defendant agrees that the Defendant will not sell, hide, waste, encumber, destroy, or otherwise devalue any such asset worth more than $5,000 before sentencing, without the prior approval of the Government. The Defendant understands and agrees that the Defendant's failure to comply with this provision of the Plea Agreement should result in the Defendant receiving no credit for acceptance of responsibility.

29. The Defendant agrees to cooperate fully in the investigation of the amount of forfeiture, restitution, and fine; the identification of funds and assets in which he has any legal or equitable interest to be applied toward forfeiture, restitution, and/or fine; and the prompt payment of restitution or a fine.

30. The Defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addenda to said form deemed necessary by the Government, within ten days of the change of plea hearing; (B) submitting to a financial deposition or interview (should the Government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within his possession or control requested by the Government regarding his financial condition and that of his household; (D) fully and truthfully answering all questions regarding his past and present financial condition and that of his household in such interview(s); and (E) providing a waiver of his privacy

17

protections to permit the Government to access his credit report and tax information held by the Internal Revenue Service.

31. So long as the Defendant is completely truthful, the Government agrees that anything related by the Defendant during his financial interview or deposition or in the financial forms described above cannot and will not be used against him in the Government's criminal prosecution. However, the Government may use the Defendant's statements to identify and to execute upon assets to be applied to the fine and/or restitution in this case. Further, the Government is completely free to pursue any and all investigative leads derived in any way from the interview(s)/deposition(s)/financial forms, which could result in the acquisition of evidence admissible against the Defendant in subsequent proceedings. If the Defendant subsequently takes a position in any legal proceeding that is inconsistent with the interview(s)/deposition(s)/financial forms–whether in pleadings, oral argument, witness testimony, documentary evidence, questioning of witnesses, or any other manner–the Government may use the Defendant's interview(s)/deposition(s)/financial forms, and all evidence obtained directly or indirectly therefrom, in any responsive pleading and argument and for cross-examination, impeachment, or rebuttal evidence. Further, the Government may also use the Defendant's interview(s)/deposition(s)/financial forms to respond to arguments made or issues raised sua sponte by the Magistrate or District Court.

18

## Binding Sentence is Reasonable

32. The parties agree that there is no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the terms of the binding sentencing agreement in this case. The parties also concur that the agreed-upon binding sentence set forth in this Plea Agreement is reasonable pursuant to the factors outlined at Title 18, United States Code, Section 3553(a).

## Limited Waiver of Appeal

33. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground. Claims that the Defendant's counsel rendered constitutionally ineffective assistance are excepted from this waiver. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

## Miscellaneous Waivers

**FOIA/Privacy Act Waiver**

34. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the

19

Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

### No Other Agreements

35. There are no other agreements, promises, representations, or understandings between the Defendant and the Government outside of this written plea agreement and any plea addendum.

In Open Court this _____ day of _____, _____.

_____
SIGNATURE (Defendant's Attorney)
R. Gary Spencer

_____
SIGNATURE (Defendant)
Dravion Sanchez Ware

_____
SIGNATURE (Assistant U.S. Attorney)
Bret R. Hobson

_____
SIGNATURE (Assistant U.S. Attorney)
Timothy H. Lee

_____
SIGNATURE (Approving Official)
Yonette Buchanan

I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the

20

foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my conviction and sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my conviction and sentence or challenging my conviction and sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in the Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____          _____
SIGNATURE (Defendant)                     DATE
Dravion Sanchez Ware


    I am Dravion Sanchez Ware's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____          _____
SIGNATURE (Defendant's Attorney)          DATE
R. Gary Spencer

21

R. Gary Spencer                                    Dravion Sanchez Ware
50 Hurt Plaza                                      c/o R. Gary Spencer
Suite 560
Atlanta, GA 30303
(404) 549-8782

_____State Bar of Georgia Number

Filed in Open Court

This ___ day of _____, 20__

By _____

22

U. S. DEPARTMENT OF JUSTICE

Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIMINAL ACTION NO.: | 1:17-CR-00447-TCB-JSA |
| DEFENDANT'S NAME: | DRAVION SANCHEZ WARE |
| PAY THIS AMOUNT: | $1,100 |

Instructions:

1. Payment must be made by **certified check** or **money order** payable to:

    Clerk of Court, U.S. District Court
    **\*personal checks will not be accepted\***

2. Payment must be made to the clerk's office by the day of sentencing.

3. Payment should be sent or hand delivered to:

    Clerk, U.S. District Court
    2211 U.S. Courthouse
    75 Ted Turner Drive SW
    Atlanta, Georgia 30303
    (Do Not Send Cash)

4. Include the defendant's name on **certified check** or **money order.**

5. Enclose this coupon to insure proper and prompt application of payment.

6. Provide proof of payment to the above-signed AUSA within 30 days of the guilty plea.

23