FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 2 7 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DRAVION SANCHEZ WARE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 25-CV-01119-TCB-JSA
Crim No. 17-CR-00447-TCB-JSA-2

## REPLY TO RESPONSE TO DEFENDANT'S MOTION UNDER § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

COMES Movant, DRAVION SANCHEZ WARE ("Ware"), appearing *pro se,*

and files his Reply to Response to Defendant's Motion under § 2255 to Vacate, Set

Aside, or Correct Sentence. Contrary to the government's assertions, Ware has

presented colorable constitutional claims of ineffective assistance of counsel that are

not frivolous and are not conclusively refuted by the record. Therefore, Ware is

entitled to relief or, at minimum, an evidentiary hearing pursuant to § 2255(b), and

would show as follows:

## PRELIMINARY STATEMENT

The government summarily characterizes all of Ware's constitutional claims

as either "affirmatively contradicted by the record" or "patently frivolous." This

language is conclusory, unsupported by case-specific analysis, and contrary to the

well-established legal standard that pro se § 2255 motions must be liberally

construed. See *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Tannenbaum v. United*

*States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Eleventh Circuit has emphasized that a § 2255 movant is entitled to an

evidentiary hearing unless the claims are conclusively refuted by the record.

Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014). The

government fails to meet that burden here.

## REPLY TO RESPONSE TO DEFENDANT'S MOTION UNDER § 2255

The Response to Defendant's Motion under § 2255 to Vacate, Set Aside, or

Correct Sentence is divided into three (3) main sections: (I) Background; (II)

Argument and Citation of Authority; and (3) Conclusion. Ware will sequentially reply

to each main section and their respective subsections and sub-parts as follows:

### I.    Objections to the Government's Opening and Background Sections

A.    Objection to Government's Framing of Ware's Claims as "Frivolous" or "Contradicted by the Record"

The government summarily characterizes all of Ware's constitutional claims

as either "affirmatively contradicted by the record" or "patently frivolous." This

language is conclusory, unsupported by case-specific analysis, and contrary to the

well-established legal standard that *pro se* § 2255 motions must be liberally

2

construed. See *Estelle*, 429 U.S. at 106; *Tannenbaum*, 148 F.3d at 1263.

The Eleventh Circuit has emphasized that a § 2255 movant is entitled to an evidentiary hearing unless the claims are conclusively refuted by the record. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014). The government fails to meet that burden here.

B.    Objection to Government's Reliance on Prior Plea Offers Without Establishing Knowing Rejection

The government points to two plea offers, including one that would have capped Ware's sentence at 50 years, and claims that counsel communicated the offers. However, the record does not establish that Ware knowingly and voluntarily rejected the plea based on constitutionally adequate advice from counsel.

In *Missouri v. Frye*, 566 U.S. 134 (2012) and *Lafler v. Cooper*, 566 U.S. 156 (2012), the Supreme Court held that a defendant has the right to effective assistance of counsel during plea negotiations. Ware asserts that counsel failed to advise him of the actual sentencing exposure—specifically that he faced a *de facto* life sentence if convicted. Whether counsel adequately explained these consequences is a disputed factual issue and cannot be resolved without a hearing.

The government's reliance on Exhibit 3 (alleged email exchanges) is not dispositive, as it does not include any sworn declaration from counsel detailing the

3

advice actually given. See *Osley v. United States*, 751 F.3d 1214, 1224–25 (11th Cir. 2014) (explaining that whether counsel sufficiently explained the risk of going to trial is a factual issue often requiring a hearing).

> C.   Objection to Government's Use of Trial Outcome to Retroactively Validate Counsel's Performance

The government repeatedly references the eventual volume of evidence presented at trial and the jury's conviction to discredit Ware's claims of ineffective assistance. But the Supreme Court has explicitly rejected the argument that the results of trial or sentencing can validate constitutionally deficient performance.

"The outcome of the proceeding may be relevant, but it does not excuse deficient performance." *Strickland v. Washington*, 466 U.S. 668, 695 (1984).

"[T]he test is not whether counsel's performance ultimately led to a conviction, but whether it fell below an objective standard of reasonableness and caused prejudice." *Porter v. McCollum*, 558 U.S. 30, 38–40 (2009).

The government's suggestion that the weight of the evidence excuses all of counsel's omissions fails under both *Strickland* and Eleventh Circuit precedent. See *Ferrell v. Hall*, 640 F.3d 1199, 1236–37 (11th Cir. 2011).

4

D.   Objection to the Government's Attempt to Preclude an Evidentiary Hearing

The government argues no hearing is necessary because Ware's claims are "patently frivolous" or "contradicted by the record." This misapplies § 2255(b), which requires a hearing unless the record conclusively negates the claims.

"If a petitioner alleges facts that, if proven true, would entitle him to relief, the district court must conduct an evidentiary hearing." — *Thomas v. United States*, 737 F.3d 1202, 1206 (11th Cir. 2013).

Here, Ware has presented multiple fact-based claims, including whether:

1.   Counsel failed to advise him of sentencing exposure;

2.   Counsel failed to investigate or seek expert witnesses;

3.   Counsel failed to meaningfully pursue plea negotiations;

4.   Counsel failed to object to key PSR findings, including the attempted murder enhancement; and

5.   Counsel failed to request adequate jury instructions and failed to challenge damaging omissions.

In fact, in a letter from Leigh Ann Webster ("Webster"), Ware's assistant trial counsel, believed that Ware received ineffective assistance from attorney Spencer. Webster recognized that Spencer failed to properly advise Ware of the possibility of a life sentence if he proceeded to trial. See **Exhibit-I.**

5

Each of these issues raises fact-specific questions about counsel's conduct, advice, and strategy, and their prejudicial impact—matters that cannot be resolved solely by the written record. See *Pugh v. Smith*, 465 F.3d 1295, 1300 (11th Cir. 2006).

### E.   Objection to Government's Mischaracterization of Ware's Prior Motions as Binding Rejections of Ineffective Assistance

The government suggests that because the court previously denied Ware's requests for new counsel and rejected related complaints, his ineffective assistance claims have already been "adjudicated." This is misleading.

Rulings on substitution of counsel are not adjudications of Sixth Amendment claims on the merits. A court may deny a motion to substitute without resolving whether counsel's representation was constitutionally deficient. See *United States v. Calderon*, 127 F.3d 1314, 1342 (11th Cir. 1997).

Ware's § 2255 motion raises new factual allegations and legal claims that were never fully developed or adjudicated at trial. The government's attempt to invoke earlier judicial observations to bar relief is misplaced.

### F.   Objection to the Government's Improper Reliance on the PSR and Ware's Silence at Sentencing

The government notes that Ware confirmed reading the PSR and raised no objections at sentencing. This cannot serve to waive or defeat his claim that trial

6

counsel failed to raise critical objections to the PSR's findings—particularly the attempted murder upward departure and the allegedly inaccurate guideline calculations.

Silence at sentencing does not preclude an IAC claim. "A defendant should not be penalized for his attorney's failure to assert objections that are legally supportable." *United States v. Barbour*, 70 F.3d 580, 585 (11th Cir. 1995).

The government's opening and background sections misstate or gloss over key legal principles and factual disputes relevant to Ware's constitutional claims. These sections attempt to:

1.    Collapse fact-intensive IAC claims into record-only issues;

2.    Discredit Ware's *pro se* arguments with conclusory dismissals;

3.    Block access to a mandatory evidentiary hearing under § 2255(b).

Ware respectfully objects to these mischaracterizations and reiterates that his claims, when liberally construed, are well-pleaded and require factual development.

## II.    Argument and Citation of Authority

### A.    Legal Standard for Ineffective Assistance of Counsel

The government relies on *Strickland v. Washington*, 466 U.S. 668 (1984), which sets forth the two-prong test for ineffective assistance: (1) deficient

performance, and (2) resulting prejudice. But the government fails to apply *Strickland* in light of the Eleventh Circuit's clear directives that: "The district court must accept the petitioner's factual allegations as true unless they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014). Additionally, "[i]f the petitioner alleges facts that, if true, would entitle him to relief, the district court must hold an evidentiary hearing." *Aron v. United States*, 291 F.3d 708, 714 (11th Cir. 2002)

Ware has clearly alleged facts that, if accepted as true, demonstrate constitutionally deficient performance and prejudice under *Strickland*.

      B.     Counsel's Failures Were Not Strategic but Constitutionally Deficient

          1.     Failure to Challenge Arrest Warrant

The government argues this was a meritless issue and therefore non-prejudicial. However, it is well-established that: "Counsel has a duty to investigate all reasonable grounds of defense, and a failure to do so may amount to deficient performance." *Wiggins v. Smith*, 539 U.S. 510, 533 (2003)

If the arrest warrant lacked probable cause or was based on unreliable information, Ware's defense could have been substantially strengthened. The

8

government relies on the trial court's ruling on a *pro se* motion, but a competent counsel's developed motion and argument could have triggered a different result. This cannot be resolved without an evidentiary hearing.

### 2.    Failure to Request or Identify Jury Instructions

The government wrongly asserts Ware's failure to identify the omitted instruction precludes relief. But as the Eleventh Circuit explained: "A petitioner need not allege his claim with precision where the facts are within the government's exclusive control or he was unaware of the legal grounds at the time." *Manders v. United States*, 447 F.2d 1130, 1131 (5th Cir. 1971) (binding precedent).

To the extent Ware has alleged that counsel failed to request critical limiting or cautionary instructions, especially regarding co-defendant's absence or the introduction of extrinsic evidence, this was deficient and prejudicial given the nature of the case.

### 3.    Failure to Present Key Defense Arguments at Trial and on Appeal

The government recites a list of counsel's actions but ignores what competent counsel failed to do. The Eleventh Circuit has consistently held that: "[S]trategic choices made after less than complete investigation are reasonable only to the extent that reasonable professional judgments support the limitations on investigation."

9

*Strickland*, 466 U.S. at 690–91.

Failure to highlight the absence of the co-defendant's testimony, failure to challenge key admissibility issues, and failure to investigate or call potentially exculpatory witnesses may amount to constitutionally deficient performance, especially where the government's case relied heavily on inference and cumulative circumstantial evidence.

Moreover, *Jones v. Barnes*, 463 U.S. 745 (1983) allows appellate counsel discretion in raising issues, but does not immunize them from deficient performance where they ignore strong claims in favor of weaker ones — see also, *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) (noting that "[a]n attorney's failure to raise a meritorious claim can constitute ineffective assistance").

### C.    The District Court Must Hold an Evidentiary Hearing

Under 28 U.S.C. § 2255(b), a hearing is mandatory unless the motion, files, and records conclusively show that the prisoner is not entitled to relief. That is not the case here.

"If a petitioner alleges facts that, if proven true, would entitle him to relief, the district court must conduct an evidentiary hearing." *Thomas v. United States*, 737 F.3d 1202, 1206 (11th Cir. 2013).

10

Ware has alleged:

1. Counsel's failure to investigate and challenge key aspects of the case;
2. Prejudice arising from unchallenged elements and weak trial strategy; and
3. Appellate counsel's failure to raise stronger claims.

These claims are not frivolous, nor conclusively rebutted by the record. The government's response rests heavily on general presumptions of counsel competence, but does not resolve the specific factual disputes necessary for adjudication — such as what advice was given regarding the plea offer, whether suppression or trial tactics were discussed with Ware, and whether his co-defendant's absence was properly emphasized to the jury.

Ware has presented plausible and specific claims of ineffective assistance of counsel that require further factual development. The government's effort to summarily dismiss them overlooks binding Eleventh Circuit and Supreme Court authority that entitles Ware to an evidentiary hearing.

### III.  Conclusion

For the reasons set forth above, it is clear that Ware was deprived of his Sixth Amendment right to the effective assistance of counsel during both the plea-bargaining and sentencing phases of his case. Counsel's failure to properly advise him of the consequences of rejecting the plea offer, to object to material

11

inaccuracies in the Presentence Investigation Report, and to advocate meaningfully for a fair sentence constitutes constitutionally deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny.

The U. S. Supreme Court has repeatedly emphasized that the right to effective counsel extends to all critical stages of the criminal process, including plea negotiations and sentencing. See *Lafler v. Cooper*, 566 U.S. 156 (2012); *Missouri v. Frye*, 566 U.S. 134 (2012). In this case, counsel's failures not only compromised the integrity of the proceedings, but also resulted in a demonstrably harsher outcome for Ware.

Had counsel performed competently, there is a reasonable probability that Ware would have accepted a more favorable plea or received a substantially lower sentence. As such, the constitutional violations alleged are not only significant—they are outcome-determinative.

Accordingly, Ware respectfully requests that this Court grant his motion under 28 U.S.C. § 2255 in the first instance and vacate his conviction and sentence, and grant appropriate relief, including but not limited to resentencing or an evidentiary hearing to fully develop the record, resolve material factual disputes between the parties, and expand an incomplete record to ensure the fair and just administration of justice.

12

Respectfully submitted,

Dated: May 19, 2025

_Dravion War_

**DRAVION SANCHEZ WARE**
REG. NO. 71209-019
USP MCCREARY
U.S. PENITENTIARY
P.O. BOX 3000
PINE KNOT, KY 42635

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025 a true and correct copy of the above and foregoing Reply to Response to Defendant's Motion under § 2255 to Vacate, Set Aside, or Correct Sentence was sent via First Class U. S. Mail, postage prepaid, to Bret Reed Hobson, Assistant United States Attorney at Office of the United States Attorney-ATL600, Northern District of Georgia, 75 Ted Turner Dr., S.W., Atlanta, GA 30303.

_Dravion War_

**DRAVION SANCHEZ WARE**

13

**EXHIBIT - 1**

Strickland Webster, LLC
830 Glenwood Ave SE
Suite 510-203
Atlanta, GA 30316

## Strickland Webster, LLC
——— Attorneys at Law

Dravion Ware
ID: 71209-019

USP McCreary
P.O. Box 3000
Pine Knot, KY 42635

Dear Mr. Ware:

I hope you are doing well. I am writing to tell you that unfortunately, the U.S. Supreme Court has denied our petition for certiorari. I am enclosing the order denying the petition. This means that my representation of you is now concluded.

I have received your recent letter asking for your case file. As it seems like you are aware, you have a year to file your 28 U.S.C. § 2255 motion. Please make sure that it is timely filed because the rules are very strict. I am enclosing a blank form of the § 2255 motion. One suggestion, which you should feel free to take or leave, is that you should allege that you received the ineffective assistance of counsel because no one advised you that you could or likely would be sentenced to life in prison, and that if you had been properly advised, you would have taken a plea.

I received your request for your case file. Your file is voluminous. I can send it to the facility on a hard drive or on CDs, if that is something you would be interested in. Otherwise, I can send your family the drive or the CDs and they can print off what you want. Please let me know which option you would prefer.

I am very sorry about the outcome of your case. I hope you are successful in your § 2255 motion. Please let me know if you need anything else from me.

Sincerely,

Leigh Ann Webster

404-590-7967 (t)
404-393-3617 (f)

DRAVION SANCHEZ WARE
REG. NO. 71209-019
USP MCCREARY
U.S. PENITENTIARY
P.O. BOX 3000
PINE KNOT, KY 42635

May 19, 2025

Mr. Kevin P. Weimer
Clerk of Court
Northern District of Georgia
Atlanta Division
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

      RE:   *Ware v. United States*
              Civil No. 1:25-CV-01119-TCB-JSA
              Crim No. 1:17-CR-00447-TCB-JSA-2

Dear Mr. Weimer:

Enclosed please find and accept for filing Defendant's Reply to Response to Defendant's Motion under § 2255 to Vacate, Set Aside, or Correct Sentence. Please submit this reply to the Court.

Thank you for your assistance in this matter.

                    Sincerely,

                    DRAVION SANCHEZ WARE
                    Appearing *Pro Se*

*Encl. as noted*

Oravion Sanchez Ware #71209-019
USP McCreary
P.O. Box 3000
Pine Knot, KY 42635

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

U.S. POSTAGE PAID
FCM LG ENV
PINE KNOT, KY 42635
MAY 20, 2025

**$0.00**

R2305K140622-5

30303

Mr. Kevin P Weimer
Clerk of Court
Northern District of Georgia
75 Ted Turner Drive, SW
Atlanta, GA 30303

MAY 27 2025

CLEARED SECURITY